IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

James Smeltzer,

    Plaintiff,

    vs.                                          Civil Action No.:

Eaton Corporation,

    Defendant.

## **COMPLAINT**

AND NOW, comes the Plaintiff, James Smeltzer, by and through his undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

### Nature of the Action

This action is brought pursuant to the Fair Labor Standards Act, Pennsylvania Wage Payment and Collection Law, and for retaliation. The Plaintiff, James Smeltzer, seeks declaratory, injunctive and compensatory relief for violation of the Fair Labor Standards Act, Pennsylvania Wage Payment and Collection Law, retaliation and termination of his employment by Eaton Corporation (hereinafter "Eaton").

### Parties

1.     The Plaintiff, James Smeltzer, is an adult individual residing at 751W. Pidgeon Rd., Salem, OH 44460. At all times relevant hereto, the Plaintiff was an employee of the Defendant, within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203.

2. The Defendant, Eaton, is a multinational company with a place of business located at 1000 Cherrington Parkway, Moon Twp., Pennsylvania 15100.  Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. §§ 216(b) and 203(d), and is engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(I), 203(j), 206(a) and 207(a).

**Jurisdiction**

3. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331 and §1343, relating to federal question. Jurisdiction is also invoked pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b).

4. Venue is proper in this case pursuant to 28 U.S.C. §1391 (b).

**Statements of Fact**

5. The Plaintiff, James Smeltzer, began his employment with the Defendant, Eaton, on or about April 1, 2005, as a lead engineering technician for the company.

6. Plaintiff had been a good employee, with favorable job review and an employment record with little know disciplinary issue.

7. Plaintiff had always submitted his time card to his manager for approval, which manager would then submit the card to payroll for issuance of his paycheck.

8. Plaintiff submitted his timecards pursuant to his supervisor's instructions.

9. Plaintiff did record his actual time in his personal electronic account, just to keep track of his actual time on job assignments, as he was always questioned about this for budgeting and other purposes.

10. In May of 2014 the Plaintiff was advised that any overtime would have to be submitted for pre-approval by his manager.

11. Plaintiff continued to receive job assignments and responsibilities that the supervisor knew or should have known would require the Plaintiff to work in excess of 40 hours per week.

12. The supervisor also knew or should have known that the Plaintiff was working more than 40 hours per week given the amount of time he was putting in at the facility, and the fact that his vehicle was usually there before and after the supervisors, and knowledge of the amount of time that similar assignments have taken.

13. Nevertheless, the Plaintiff would only submit a 40 hour a week time card to his manager for approval and submission to payroll, as per Defendant's instruction.

14. At some point, the payroll department stopped waiting for submission of the weekly time record from the Plaintiff's manager, and began to draw his time directly from his personal electronic account on his work computer.

15. Plaintiff was completely unaware of this practice by the payroll, or when the payroll practice for submitting time had changed.

16. The payroll department issued his paychecks (through direct deposit), based on the Plaintiff's actual time, as recorded in his electronic account, instead of the 40 a week time card he submitted to his manager, Jim Sisley.

17. Nothing was said to the Plaintiff for approximately a year about the time card issue.

18. On or about Friday, June 26, 2015, Plaintiff was terminated by Eaton for what they termed a "violation of Eaton's Code of Ethics."

19. At no time did Defendant every question the fact that the Plaintiff actually worked the overtime that he had been paid.

20. The allegation and defense set forth by the Defendant to this point has been that somehow the Plaintiff falsified documents in order to get paid the overtime.

21. However, the Defendant has been either unable or unwilling to produce any evidence that the Plaintiff had the software knowledge necessary for such and allegation, or that the Plaintiff even knew of the change in payroll practice wherein the Defendant went for relying on time cards approved by managers, to one where the payroll department drew time records directly from the Plaintiff's account.

22. Plaintiff avers that there is additional overtime that he is owed and not yet been paid by the Defendant.

### Count I: Fair Labor Standards Act (FLSA)

23. Paragraphs 1 through 22 above are incorporated herein by reference as though fully set forth.

24. Defendant violated the Fair Labor Standards Act by assigning Plaintiff work they knew required well in excess of forty (40) hours a week that the knowing that the Plaintiff was working in excess of forty (40) hours a week, and refusing to or intending to not pay the Plaintiff for the time he was actually working.

25. Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiff demands judgment against Defendant and damages as follows:

   a. The difference between the wages actually worked by Mr. Smeltzer and wages actually paid to Mr. Smeltzer;

   b. Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

   c. An award of prejudgment interest;

   d. An award of reasonable attorney fees and costs, pursuant to 29 U.S.C. §216(b); and

   e. Any and all such other additional relief as the Court finds to be just and equitable.

A jury trial is demanded.

## Count II: Retaliation: FLSA & PWPCL

26. Paragraphs 1 through 25 above are incorporated herein by reference as though fully set forth.

27. Plaintiff was terminated because the Defendant ended up paying him for the time he worked, instead of for the 40 hour week time slip for which they had ordered him to submit.

28. Defendant knew or should have known they were assigning the Plaintiff to jobs that would require well an excess of 40 hours a week, a practice that had been going on for some time with the Defendant.

29. Defendant fired Mr. Smeltzer in retaliation for the submission of his actual time, said conduct by the Defendant is in violation of the FLSA and PWPCL.

30. Defendant's violation of the FLSA was intentional and undertaken with reckless indifference to Mr. Smeltzer's right to not be retaliated against for exercising his rights under the FLSA.

WHEREFORE, Plaintiff demands judgment as follows:

a. That Defendant be ordered to reinstate Plaintiff into the position he occupied prior to Defendant's illegal actions, with all benefits including, but not limited to wages, benefits, training and seniority.

b. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of him, with interest until the date he is offered employment into a position substantially equivalent to the one which he occupied on June 24, 2015;

c. That Defendant be required to provide Plaintiff with front pay;

d. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits;

e. That Defendant be ordered to pay Plaintiff compensatory damages for the emotional stress; inconvenience and humiliation he suffered because of Defendant's actions, pursuant to 29 U.S.C. §216(b);

f. That, pursuant to 29 U.S.C. §216(b), Plaintiff be awarded punitive damages in an amount sufficient to deter Defendant from further retaliation against its employees who assert EPA rights;

g. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates the FLSA;

  h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

  i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

A jury trial is demanded.

## Count III: Pennsylvania Wage Payment and Collection Law ("PWPCL")

31. Paragraphs 1 through 30 above are incorporated herein by reference as though fully set forth.

32. During the relevant time period, Defendant employed the Plaintiff for many work weeks more than forty hours, but failed to compensate Plaintiff for such work in excess of forty hours at a rate not less than one and one-half times the regular rate at which he was employed, in violation of the PWPCL, 43 Pa. Cons. Stat. Ann. § 260.3.

33. Defendant's failure to timely pay the Plaintiff the wages due and owing is a violation of 43 Pa. Cons.Stat.Ann. §260.3(b).

34. Defendant's failure to pay the Plaintiff was not in good faith, and therefore, pursuant to 43 Pa. Cons.Stat.Ann. §260.10. There, the Plaintiff are entitled, in addition to the amount due and owing, an amount equal to 25% of the total amount of wages due.

35. Pursuant to the PWPCL, 43 Pa. Cons. Stat. Ann. § 260.3 such overtime pay is due and payable by Defendant to the Plaintiff on regular paydays; Defendant failed to pay the Plaintiff's overtime pay on regular paydays.

36. Defendant's refusal to pay the Plaintiff at a rate not less than one and one-half the regular rate at which they were employed for work performed in excess of the forty-hour workweek on regular paydays was willful.

WHEREFORE, the Plaintiff, demand judgment against Defendant in an amount due to Plaintiff for overtime compensation; liquidated damages; reasonable attorney fees and costs; and such other and further relief as the court deems to be proper.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted,

/s/ Sean A. Casey, Esq.

Sean A. Casey, Esquire
Attorney for Plaintiff
PA ID #79806

**SEAN A. CASEY, ATTORNEY AT LAW, P.C.**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481