IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES SMELTZER**, | ) | CIVIL ACTION NO. 17-843 |
| | ) | |
| Plaintiff | ) | CHIEF JUDGE JOY FLOWERS CONTI |
| | ) | |
| vs. | ) | |
| | ) | |
| **EATON CORPORATION**, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Defendant Eaton Corporation ("Eaton") filed a motion (ECF No. 13) to dismiss the First Amended Complaint (the "Amended Complaint") filed by plaintiff James Smeltzer ("Smeltzer") in its entirety, with prejudice. After Smeltzer's lawyer withdrew (ECF No. 25) and the 90-day stay to find new counsel expired, Smeltzer filed a pro se response in opposition to the motion. (ECF No. 26). The motion is ripe for disposition.

I. **Factual and Procedural Background**

The Amended Complaint contains very few factual allegations. Smeltzer began his employment with Eaton on April 1, 2005. (ECF No. 11 ¶ 5). Eaton employed Smeltzer for ten years as a lead engineering technician. Smeltzer was a good employee with favorable job reviews and little to no disciplinary action. (ECF. No 11 ¶ 6).

In May 2014, Smeltzer was advised that there would be no overtime or requests for overtime without pre-approval from his manager. (ECF No. 11 ¶ 10). After receiving this instruction, Smeltzer submitted a 40-hour a week time card to his manager for approval and submission to payroll. (ECF No. 11 ¶ 14).

At some point, the payroll department stopped waiting for submission of the weekly timecard, and began to draw time directly from employees' personal electronic accounts. (ECF No. 11 ¶ 18). Eaton acknowledged that there was a flaw in its system, of which it was unaware. (ECF No. 11 ¶ 19; Ex. 2). Smeltzer was unaware of the flaw and nothing was said to Smeltzer "for approximately a year." (ECF No. 11 ¶¶ 22, 24).

Eaton's payroll department issued Smeltzer's paychecks based on the time Smeltzer placed in his electronic account, which included his overtime, instead of the 40-hour a week time card he submitted to his manager. (ECF No. 11 ¶ 23). During this approximately one-year period, Smeltzer received overtime pay. (ECF No. 11 ¶¶ 23, 24, 26). Smeltzer continued to record his actual time in his personal electronic account. (ECF No. 11 ¶¶ 8, 9). Smeltzer did not seek or obtain approval to submit a claim for overtime, but believed that his supervisor knew or should have known that Smeltzer was working over 40 hours per week given the amount of time he was at the facility. (ECF No. 11 ¶ 13).

Eaton discovered that Smeltzer was receiving overtime pay without manager pre-approval. "On or about June 26, 2015," Smeltzer was terminated for a violation of Eaton's Code of Ethics for allegedly falsifying documents to collect overtime pay. (ECF No. 11 ¶¶ 25, 27) .

On June 26, 2017, Smeltzer filed a complaint against Eaton. On September 20, 2017, Eaton filed a motion to dismiss for failure to state a claim upon which relief can be granted. (ECF No. 3). Smeltzer filed an Amended Complaint, which mooted the original motion to dismiss. (ECF

No. 11). Eaton renews its motion to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted (ECF No. 13). Smeltzer filed a pro se response (ECF No. 26) and the motion is ripe for decision.

## II. **Standard of Review**

The Court of Appeals for the Third Circuit described the standards and procedures that a district court must apply when deciding a Rule 12(b)(6) motion to dismiss:

> A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." But a detailed pleading is not generally required. The Rules demand "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010). Although the plausibility standard "does not impose a probability requirement," Twombly, 550 U.S. at 556, it does require a pleading to show "more than a sheer possibility that a NGL has acted unlawfully." Iqbal, 556 U.S. at 678. A complaint that pleads facts "merely consistent with a defendant's liability...stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal quotation marks omitted). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.
>
> Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679; see also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

3

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016). A complaint "need not establish a prima facie case in order to survive a motion to dismiss." *Id.* Instead, to meet the post-*Twombly* pleading standard a complaint must set forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Id.* at 789.

### III. Legal Analysis

Smeltzer alleges that Eaton violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Cons. Stat. § 260.3, and retaliated against Smetlzer by terminating his employment in violation of the FLSA and WPCL. (ECF No. 13). Eaton asserts that the Amended Complaint fails to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).

1. FLSA Claim

In count I of the Amended Complaint, Smeltzer asserts that Eaton violated the FLSA because it assigned Smeltzer work it knew or should have known would require in excess of 40 hours a week, and refused to or intended to not pay Smeltzer for the overtime he had been working. Under the FLSA, an employer is required to pay eligible employees at a rate of at least one and one-half times their regular rate for time worked in excess of forty hours each work week. 29 U.S.C. § 207(a).

Smeltzer's claim that Eaton violated the FLSA may be time barred by the applicable statute of limitations. The statute of limitations for bringing a claim for unpaid overtime under the FLSA is two years after the cause of action accrued, unless the plaintiff establishes the employer's violation was willful, then the statute of limitations is three years after the cause of action accrued. 29 U.S.C. § 255(a).

4

The Amended Complaint merely states in conclusory fashion that Smeltzer was working in excess of forty hours a week and Eaton's "violation of the FLSA was willful." (ECF. No. 11 ¶ 36). Willfulness is akin to intentionality because it "requires a deliberate effort more than mere negligence." *Brock v. Richland Shoe Co.*, 799 F.2d 80, 82 (3d Cir. 1986). The United States Supreme Court defined a willful violation of the FLSA as a situation in which the employer "knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1998)(quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126 (1985)). Smeltzer fails to allege any facts from which the court could plausibly infer willfullness and warrant a three-year statute of limitations for his FLSA claim. Smeltzer admits that he was instructed to not work more than 40 hours a week and that he submitted a 40-hour time card to his manager after that instruction. (ECF No. 11 ¶ 10). There are no factual allegations that Smeltzer sought or obtained approval to work overtime, that Eaton was violating the FLSA, or that Eaton knew it was violating the FLSA by not paying overtime. (ECF No. 11).

An FLSA claim "accrues for overtime compensation at each regular payday immediately following the work week during which the services were rendered.'' *Gulick v. City of Pittston*, 995 F. Supp.2d 322, 338 (M.D. Pa. 2014) (quoting *Guenzel v. Mount Olive Bd. Of Ed.*, Civ. No. 10-4452, 2012 WL 556256 (D.N.J. 2012). A FLSA claim for overtime compensation is not a continuing violation. *Henchy v. City of Absecon*, 148 F. Supp.2d 435, 438 (D.N.J. 2001), *Gulick*, 995 F. Supp.2d at 338 n.6 (holding that repeated failures to compensate for overtime are repeated violations with each violation beginning a new statute of limitations). Smeltzer had potential FLSA overtime claims for each pay period in which he allegedly failed to receive overtime.

All these claims must have accrued long prior to June 26, 2015, because Smeltzer pleaded that he received his overtime pay for approximately one year prior to his termination. (ECF No. 11 ¶¶ 22-24). Smeltzer's overtime claims accrued more than two years prior to the date he filed this lawsuit on June 26, 2017.

Because Smeltzer's legal conclusion that Eaton acted willfully is unsupported by any factual averments, and under *Iqbal* and *Twombley* the court must disregard bald legal conclusions, the standard two-year statute of limitations would be applicable. As noted above, Smeltzer's FLSA claims accrued more than the two years prior to the filing of this lawsuit and would be barred by the applicable statute of limitations. The motion to dismiss will be GRANTED with respect to Smeltzer's FLSA claims for failure to pay overtime. The FLSA claim will be dismissed, however, without prejudice. If Smeltzer is able to set forth facts sufficient for the court to plausibly infer willfulness, he may seek leave no later than August 15, 2018, to file an amended complaint.

2. WPCL Claim

In count III of the Amended Complaint, Smeltzer asserts that Eaton failed to compensate him for overtime work in excess of forty hours per week, at a rate not less than one and one-half times the regular rate at which he was employed. Pa. Cons. Stat. § 260.3(a). Smeltzer asserts that Eaton failed to timely pay Smeltzer wages due. *Id.* § 260.3(b). Smeltzer asserts that Eaton's failure to pay was not in good faith, pursuant to Pa. Cons. Stat. § 260.10. (ECF No. 11). Eaton asserts that Smeltzer's WPCL claims fail because Smeltzer does not allege the elements of a breach of contract claim or that a contract existed.

The WPCL "does not create a right to just compensation, rather it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." *Weldon v.*

*Kraft, Inc*., 896 F.2d 793, 801 (3d Cir. 1990). To establish breach of contract, "a plaintiff must assert the existence of a valid and binding contract; that the plaintiff has complied with the contract by performing her own obligations under it; all conditions precedent were fulfilled; there was a breach of the contract; and damages were incurred." *Mavrinac v. Emergency Ass'n of Pittsburgh*, Civ. No. 204-1880, 2005 WL 2304995, at *8 (W.D. Pa. Sept. 21, 2005).

In the absence of a written employment contract, a claim may be based on an implied oral agreement between the employee and employer. *Gordon v. Maxim Healthcare Servs., Inc.*, Civ. No. 13-7175, 2017 WL 3116153, at *10 (E.D. Pa. July 21, 2017) (citing *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003)). An implied contract exists when "one performs for another, with the other's knowledge, a useful service of a character that is usually charged for and the latter expresses no dissent or avails himself of the service." *Arrington v. Terrace*, Civ. No. 16-2599, 2016 WL 5899925, at *3 (E.D. Pa. Oct. 7, 2016) (quoting *Martin v. Little, Brown and Co*., 450 A.2d 984, 987 (Pa. Super. Ct. 1981)). For example, in *Oxner v. Clivedon Nursing and Rehab. Ctr.*, 132 F. Supp.3d 645, 649-50 (E.D. Pa. 2015), the court held that an employee had an implied contract and was entitled to her regular wage when she performed useful work related services off-the-clock at the instruction of her supervisor, but was not entitled to overtime pay because there was no implied promise to pay overtime rates for the extra hours worked. Smeltzer bears the burden of establishing that there was an implied oral agreement for overtime pay under the WPCL and must make specific allegations "of a contract between the Plaintiff and the Defendant whereby Defendant was obligated to make these payments." *Arrington,* 2016 WL 5899925, at *3.

In the Amended Complaint there are no specific allegations of an agreement to pay overtime. Smeltzer did not attach a contract to the Amended Complaint (ECF No. 11) or to his

response to the motion to dismiss (ECF No. 26), and neither the Amended Complaint nor the response contain any averment that Eaton has breached the elements of a contract or that a contract existed that obligated Eaton to make any overtime payments to Smeltzer. Smeltzer's WPCL claim must aver a contractual entitlement, either written or oral to compensation from wages and a failure by Eaton to pay that compensation. *See Rosario v. First Student Management LLC.*, 247 F. Supp.3d 560, 568 (E.D. Pa. Mar. 23, 2017); *see also Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. Ct. 2011).

Smeltzer admits he was directed "that there would be no overtime and requests for overtime would have to be submitted for pre-approval by his manager." (ECF No. 11 ¶ 10). He admits that after the instruction, he submitted 40-hour-week time cards to his manager. (ECF No. 11 ¶ 14). There is no allegation he even sought approval to work overtime. A vague allegation that Eaton should have known about his overtime is not enough to establish an implied contract. *See Barvinchak v. Indiana Reg'l Med. Ctr.,* Civ. No. 2006–69, 2007 WL 2903911, *2, 10 (W.D.Pa. Sept. 28, 2007) (holding that merely working overtime when never instructed to work overtime and alleging that your employer should have known you were working overtime does not create an implied contract for overtime wage and satisfy the WPCL). Smeltzer admits further, that he actually received overtime for approximately one year prior to his termination. (ECF No. 11 ¶¶ 22-24).

Even assuming a contract existed, the WPCL overtime claim may also be untimely filed. Pursuant to 43 Pa. Cons. Stat. § 260.9(a)(g), "no administrative proceedings or legal action shall be instituted under the provisions of this act for the collection of unpaid wages or liquidated damages more than three years after the day on which such wages were due and payable as provided in sections 3 and 5."

Smeltzer admits he received overtime for "approximately one year" prior to his termination on June 26, 2015 and his case was not filed until June 26, 2017. (ECF No. 11 ¶¶ 22-24). The three-year statute of limitations therefore, has largely or entirely run.

Smeltzer's claim that Eaton violated the WPCL is not supported by sufficient facts for the court to infer there is a plausible claim and must be dismissed. This aspect of the motion to dismiss will be GRANTED without prejudice, because he may seek leave to amend provided that there are cognizable claims for some portion of the three-year statute of limitations.

3. Retaliation Claims

In count II of the Amended Complaint Smeltzer asserts that Eaton violated the FLSA and WPCL by terminating his employment in retaliation for Smeltzer's receiving overtime payments. Smeltzer states that Eaton terminated him for a "violation of Eaton's Code of Ethics" (ECF No. 11 ¶ 25), but conclusorily he asserts that Eaton fired him in retaliation for the submission or retrieval of his overtime (ECF No. 11 ¶ 40).

Under the FLSA, it is unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).[1] Eaton argues that the claim of retaliation in violation of the FLSA and WPCL must be dismissed, because Smeltzer did not begin FLSA or WPCL proceedings or complain to Eaton about any FLSA or WPCL violations prior to the firing.

---

[1] The WPCL may not support a retaliation claim; *compare Donaldson v. Informatica Corp.*, 792 F. Supp. 2d, 850, 860 (W.D. Pa. 2011) (holding the public policy exception to at-will employment does not extend to wage payment-related retaliatory termination claims); *with Cuthie v. J&J Material Handling Systems Inc.*, Civ. No. 10-555, 2011 WL 13213861 (M.D. Pa. Mar. 15, 2011) (finding that a wrongful discharge claim premised on a termination in retaliation for filing a WPCL claim may be asserted on grounds of public policy).

To establish "a *prima facie* case of discriminatory retaliation under FLSA, a plaintiff must show that (1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against her, and (3) there was a causal link between the plaintiff's protected activity and the employer's adverse action." *Preobrazhenskaya v. Mercy Hall Infirmary*, 71 F. App'x 936, 939 (3d Cir. 2003) (citing *Kachmar v. SunGard Data Sys., Inc.,* 109 F.3d 173, 177 (3d Cir.1997). A *prima facie* case of retaliation under the Pennsylvania Human Relations Act, similarly requires:

> (1) that the complainant engaged in a protected activity; (2) that Employer was aware of the protected activity; (3) that subsequent to participation of the protected activity complainant was subjected to an adverse employment action by Employer; and (4) that there is a causal connection between participation of the protected activity and the adverse employment action.

*Robert Wholey Co., Inc., v. Pennsylvania Human Relations Act*, 606 A.2d 982, 983 (Pa. Commw. Ct. 1992).

In order to establish engagement in a protected activity, a plaintiff must show he complained about FLSA wage violations or was involved in an FLSA proceeding. *See Florida-Kaclik v. SSPC*, 124 F. App'x 707, 709 (3d Cir. 2005). In order to establish engagement in a protected activity for the WPCL, Smeltzer must show that he was terminated for filing a WPCL claim or for complaining about a violation. *Id.* Smeltzer failed to allege in the Amended Complaint that he was involved with an FLSA or WPCL proceeding prior to being fired or that he complained to Eaton about any FLSA or WPCL violation. Smeltzer claims that Eaton fired him "in retaliation for the submission or retrieval of his actual time," (ECF No. 11 ¶ 40), and that he was blindsided by Eaton's actions." (ECF No. 26). Smeltzer did not allege that he engaged in any protected activity that would support a retaliation claim.

Smeltzer's accusations that Eaton retaliated under the FLSA and WPCL are unsupported by any factual averments which would be sufficient for the court to infer plausibly that he has a claim for retaliation under the FLSA or WPCL. The FLSA and WPCL retaliation claims will be dismissed without prejudice because it is not certain that Smeltzer will be unable to allege protected activity.

4. Leave to Amend

Smeltzer filed his initial complaint on June 26, 2017. Eaton filed a motion to dismiss on September 20, 2017. (ECF No. 3). On October 11, 2017, Smeltzer mooted the motion to dismiss by filing an Amended Complaint. (ECF No. 11). Eaton filed a second motion to dismiss the Amended Complaint on October 25, 2017. (ECF No. 13). Smeltzer filed a pro se response to Eaton's motion to dismiss on April 12, 2018. (ECF No. 26). Recognizing that Smeltzer is pro se, the court considered the facts set forth in Smeltzer's response to the motion to dismiss to evaluate whether the complaint could be amended.

When a complaint is subject to dismissal under Rule 12(b)(6), district courts should generally permit an opportunity to amend unless an amendment would be inequitable, or otherwise unjust by way of futility, bad faith, or undue delay. *See Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir. 2006)*(citing Foman v. Davis,* 371 U.S. 178, 182 (1962)). There has been delay associated with Smeltzer's efforts to obtain counsel. It is not clear that Smeltzer will be able to correct the shortcomings identified in this opinion such that amendment would be futile.

Smeltzer may file a motion to file another complaint on or before August 15, 2018. The court cautions that if Smeltzer chooses to file a second amended complaint, it will be important to assure that the complaint contains sufficient factual allegations to make his claims "plausible." If

he fails to do so, the court is unlikely to permit a fourth "bite at the apple." Failure to file a timely a motion to file a second amended complaint will result in this case being closed.

**Conclusion**

Eaton's motion to dismiss the Amended Complaint will be GRANTED and the Amended Complaint will be dismissed in its entirety. On or before August 15, 2018, Smeltzer may file a motion for leave to file a second amended complaint. Failure to timely file a motion for leave to file a second amended complaint will result in this case being closed.

An appropriate order follows.

Dated: July 20, 2018

> BY THE COURT:
> /s/ Joy Flowers Conti
> Joy Flowers Conti
> Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES SMELTZER**, | ) | CIVIL ACTION NO. 17-843 |
| | ) | |
| Plaintiff | ) | CHIEF JUDGE JOY FLOWERS CONTI |
| | ) | |
| vs. | ) | |
| | ) | |
| **EATON CORPORATION**, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, on this 20th day of July, 2018 for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED that Eaton's motion to dismiss the Amended Complaint (ECF No. 13) is GRANTED and the Amended Complaint is dismissed in its entirety. On or before August 15, 2018, Smeltzer may file a motion for leave to file a second amended complaint. If he does not do so, the case will be marked closed.

                                                                          BY THE COURT:
                                                                          /s/ Joy Flowers Conti
                                                                          Joy Flowers Conti
                                                                          Chief United States District Judge